UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MCBRIDE,

    Plaintiff,

v.

    Case No.: 8:15-cv-1983-EAK-TGW

LEGACY COMPONENTS, LLC, and
KENNETH ALVEREZ,

    Defendants.

## ORDER

This is a Fair Labor Standards Act ("FLSA") case. Currently before the Court is Plaintiff's motion for attorneys' fees and costs ("Motion") (Doc. 98). Defendants filed a response in opposition ("Response") (Doc. 98), to which Plaintiff replied (Doc. 103). The Court has reviewed the parties' briefings and other relevant portions of the record. Upon consideration, the Motion is **GRANTED IN PART AND DENIED IN PART**.

### I.   Background

Subsequent to the parties entering into a settlement agreement resolving all claims between them, the Court determined Plaintiff's *entitlement* to attorneys' fees as the prevailing party. *See generally 2/7/2018 Order* (Doc. 83). The Court must now decide the reasonable amount of fees and costs to be awarded.

Plaintiff requests an award of $65,485 as attorneys' fees, and an award of $1,272.26 as costs. *See Motion*, at 1–2. To substantiate his requested fee award, Plaintiff submitted a "schedule" showing the name of the billing attorney, the date and description of the services provided, the amount of time spent providing those services, and the billing attorneys' requested hourly rates. *See generally Fee Schedule* (Doc. 90-3). In support of his counsels' requested hourly rates, Plaintiff submitted two expert

affidavits: one by attorney Phyllis J. Townsey, and other by attorney Scott K. Hewitt. *See generally Townsey Aff.* (Doc. 88-1); *Hewitt Aff.* (Doc. 88-2). Plaintiff does not request a fee multiplier. The breakdown is as follows:

| Attorney | Role | Hourly Rate | Number of Hours | Total Amount |
|---|---|---|---|---|
| Scott A. Fisher | Board Certified Attorney/Partner, Lead Counsel | $450 | 126.7 | $57,015 |
| Kelly M. Fisher | Attorney/Partner, Co-Counsel | $350 | 24.2 | $8,470 |
| **Total Loadstar** | | | | **$65,485** |

*See Fee Schedule*, at 13.

For their part, Defendants contend that Plaintiff's counsels' award should be $0.00. According to Defendants, Plaintiff's counsel should not be awarded any attorneys' fees in this case because Plaintiff's allegations are meritless, and the case was "from the day it was filed . . . used solely as a litigation ploy" in attempt to "strong arm" Defendants into settling a related state court case. *See Response* (Doc. 98, at 7–9). Alternatively, Defendants contend that any award of attorneys' fees should be extremely limited because Plaintiff's counsel seek compensation for time that should not be recoverable. *Id.* at 9–14. Specifically, Defendants contend that Plaintiff's counsels' billing records reflect numerous time entries for administrative and/or clerical tasks, unnecessary duplicate attorney billing, billing for Plaintiff seeking multiple extensions of time, "block billing," billing for "settlement communications" and communications with Plaintiff, and billing for drafting pleadings that is not proportional to the complexity and/or length of the work product. *Id.* at 10. Defendants appended to their Response specific objections to each time entry. *See generally Objections* (Doc. 98-3).

2

II. **Legal Standard**

"In the Eleventh Circuit, the district court employs the federal lodestar approach to set reasonable fee awards." *Smith v. Psychiatric Sols., Inc.*, No. 3:08CV3/MCR/EMT, 2008 WL 4274496, at *6 (N.D. Fla. Sept. 12, 2008), *aff'd,* 358 F. App'x 76 (11th Cir. 2009) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam)). "Under the federal lodestar approach, the Court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Lumpuy v. Scottsdale Ins. Co.*, No. 8:11-CV-2455-T-24, 2015 WL 1708875, at *1 (M.D. Fla. Apr. 15, 2015) (citing *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988)). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* (citing *Norman*, 836 F.2d at 1303).

As recognized by the Eleventh Circuit, "the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach,* 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley,* 461 U.S. at 436) (alterations in original). And because the Court "is itself an expert on the question [of attorneys' fees]" it "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)).

III. **Discussion**

As an initial matter, the Court rejects Defendants' contention that a "reasonable" award in this case is an award of $0.00. Without undertaking substantial and unnecessary analysis, Defendants arguments in that respect are more appropriately directed at the issue of whether Plaintiff is *entitled* to an award of attorneys' fees—an issue that, as noted

3

above, the Court has already decided in the affirmative. *See 2/7/2018 Order*, at 5. Accordingly, the Court will address only Defendants' specific objections to Plaintiff's counsels' time entries.[1]

"In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours." *Lumpuy*, 2013 WL 4648500, at *2 (citing *Norman*, 836 F.2d at 1301–02). The Court may also exclude hours where "the description of the work performed is overly vague." *Wendel*, 2009 WL 1971451, at *3 (citing *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1318 (M.D. Fla. 2003)). Furthermore, fees are appropriately reduced for "time spent on discrete unsuccessful claims, duplicated efforts, excessive meetings between attorneys, billing for administrative tasks, senior counsel's billing for legal research that could have been assigned to an associate or paralegal, and billing at full rates for non-legal tasks like travel and clerical functions." *St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 853 (11th Cir. 2005) (unpublished).

The Court has reviewed the billing records, and the Court will reduce attorney Scott A. Fisher's ("SF") compensable hours by **19.6** and attorney Kelly M. Fisher's ("KF") compensable hours by **11.8**, as detailed below:

| Date | Attorney | Task | Hours Claimed | Reduction | Reason |
|---|---|---|---|---|---|
| 8/21/15 | KF | Reviewed and analyzed information needed and | 0.3 | 0.3 | Clerical/non-legal |

---

[1] The Court notes that Defendants do not contest Plaintiffs' counsels' requested hourly rates. *See generally Response*. Thus, Defendants tacitly concede that Plaintiff's counsels' requested hourly rates are reasonable. Accordingly, having given the issue due consideration and keeping in mind its own knowledge of market rates, the Court finds that the evidence submitted by Plaintiff is competent to support his counsels' requested hourly rates of $450.00 per hour and $350.00 per hour, respectively. *See Norman*, 836 F.2d at 1303 ("It is perfectly proper to award attorney's fees based solely on affidavits in the record.") (citations omitted).


| Date | Initials | Description | Hours | Hours | Category |
|---|---|---|---|---|---|
| | | requirements regarding clerk, draft letter to Clerk and reviewed and approved package for filing | | | |
| 8/21/15 | SF | Finalized complaint and cover sheet | 0.5 | 0.5 | Clerical/non-legal |
| 8/24/15 | SF | Reviewed Court's Order on document filing | 0.1 | 0.1 | Clerical/non-legal |
| 11/2/15 | SF | Draft Plaintiff's First Motion for Extension of Time for court interrogatories | 0.3 | 0.3 | Fault of Plaintiff |
| 11/3/15 | SF | Review Endorsed Order of Time Extension by Judge Kovachevich for Court ordered discovery responses due to waiver of service by Defendants | 0.1 | 0.1 | Fault of Plaintiff |
| 11/17/15 | SF | Review 2nd Endorsed Order granting Plaintiff's Motion to Extend Time through 12/15/15 signed by Judge, email to client regarding extension due to case issues | 0.2 | 0.2 | Fault of Plaintiff |

| | | | | | |
|---|---|---|---|---|---|
| 11/17/15 | KF | Reviewed and analyzed E-Service: endorsed order to respond to Court's interrogatories | 0.1 | 0.1 | Fault of Plaintiff |
| 12/7/15 | SF | Drafted Motion to Extend time for interrogatories | 0.2 | 0.2 | Fault of Plaintiff |
| 12/8/15 | KF | Receipt and review endorsed order granting extension regarding Plaintiff's interrogatories | 0.1 | 0.1 | Fault of Plaintiff |
| 1/27/16 | SF | Worked on answers to Court interrogatories | 3.5 | 2.0 | Excessive/vague |
| 2/8/16 | SF | Emails to and from client regarding verified answers; assessed codes for refiling answers | 0.3 | 0.2 | Clerical/non-legal |
| 2/26/16 | SF | Worked on motion for leave to amend complaint | 1.3 | 0.5 | Excessive |
| 3/21/16 | SF | Reviewed and assessed arguments and Motion to Dismiss Amended Complaint filed by J. Gibson and potential response | 2.3 | 1.7 | Excessive/ duplicated efforts |

| | | | | | |
|---|---|---|---|---|---|
| 4/6/16 | KF | Initial review of Defendant's Motion to Dismiss and caselaw cited by Defendant, including initial assessment of validity of Defendant's cited cases to help in preparing response to Defendant's Motion to dismiss | 0.6 | 0.4 | Excessive/ duplicated efforts |
| 4/6/16 | SF | Started initial work on counter arguments to Defendant's Motion to Dismiss and assessing case law to use in support of Plaintiff's Response opposing Defendant's Motion to Dismiss | 4.8 | 3.6 | Excessive/vague/ duplicated efforts |
| 4/7/16 | KF | Continued review and analysis of Defendant's case law and status as still recognized authority, including continued review and drafting of counterpoints, counter- | 4.0 | 3.0 | Excessive/ duplicated efforts |

| | | | | | |
|---|---|---|---|---|---|
| | | arguments and distinguishing of Defendant's case law; additional review regarding caselaw supporting different transaction or occurrence standard to defeat motion to dismiss | | | |
| 4/7/16 | SF | Continued drafting of legal arguments for response to motion to dismiss and utilization of positive case law supporting arguments in response to motion to dismiss | 6.5 | 4.9 | Excessive/ duplicated efforts |
| 4/7/16 | KF | Reviewed current version of response to motion to dismiss and contributed additional arguments to draft response based on counter points and assessment of Defendant's cited cases and worked on Draft Motion to Dismiss | 0.5 | 0.3 | Excessive/ duplicated efforts |

| | | | | | |
|---|---|---|---|---|---|
| 5/5/2017 | SF | Reviewed and assessed Response to Motion regarding Supplemental Motion to approve Consent Judgment under FLSA contingent upon determination of Plaintiff's fees and costs filed by J. Gibson | 1.6 | 0.8 | Excessive |
| 6/1/17 | KF | Email opposing counsel regarding extension, reviewed court order and drafted extension | 1.3 | 1.3 | Fault of Plaintiff |
| 6/23/17 | SF | Finalized additional motion to reschedule hearing on attorney's fees and costs | 0.6 | 0.6 | Fault of Plaintiff |
| 7/7/17 | SF | Received, reviewed and assessed court notice on rescheduled pretrial hearing as to time only | 0.3 | 0.2 | Excessive |
| 7/21/17 | SF | Drafted and finalized Motion and Memorandum in Support of Notice of | 0.5 | 0.5 | Fault of Plaintiff |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | rescheduled Hearing |  |  |  |
| 8/13/17 | SF | Worked on Plaintiff's 2nd Supplemental Motion for Attorney's Fees and Costs | 4.1 | 2.0 | Excessive/vague |
| 2/18/18 | KF | Reviewed and analyzed McBride invoice, documents and file activities for Plaintiff's Motion for Attorney's Fees | 2.1 | 1.0 | Excessive/ duplicated efforts |
| 2/18/18 | SF | Reviewed McBride invoice and other related documents for Motion for Attorney's Fees | 2.3 | 1.2 | Excessive/vague/ duplicated efforts |
| 2/28/18 | KF | Reviewed and analyzed legal authority for FLSA for motion for fees in middle district for Plaintiff's motion for attorney's fees | 2.1 | 1.0 | Excessive/ duplicated efforts |
| 3/6/18 | KF | Draft Motion for Extension to File Motion for Attorney's fees and costs; emails with opposing counsel regarding consent for extension | 0.6 | 0.6 | Fault of Plaintiff |

| 3/7/18 | KF | Reviewed order granting extension and worked on related timing matters | 0.1 | 0.1 | Fault of Plaintiff/ vague |

Further, an additional "basis for reducing the requested number of hours is the use of block billing, which refers to the practice of including multiple distinct tasks within the same time entry." *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, No. 8:09-cv-2465-VMC-TGW, 2012 WL 2226441, at *4 (M.D. Fla. June 15, 2012) (unpublished) (quoting *Bujanowski v. Kocontes,* No. 8:08-cv-390-VMC-EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) (unpublished)). Generally, "[b]lock billing occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Id.* (quoting *Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012) (unpublished)). The problem with block billing is that it "results in 'imprecision' in an attorney's records . . . a problem for which the opponent should not be penalized." *Ceres*, 476 F. App'x at 203. To remedy this problem, the Eleventh Circuit, in an unpublished opinion, impliedly approved the use by district courts of across-the-board reductions in block billed hours to offset the ill effects of block billing. *Id.* (citing *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010) (awarding no attorney's fees to block billed entries or significantly reducing the requested attorneys' fees); *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *13 (S.D. Fla. July 1, 2008) (unpublished) (applying a twenty percent across-the-board reduction to block billed hours)); *see also, e.g., Hiscox*, 2012 WL 2226441, at *4 (applying a twenty percent across-the-board reduction to block billed hours); *Oravec v. Sunny Isles Luxury Ventures*

11

Case No.: 8:15-cv-1983-EAK-TGW

*L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *13 (S.D. Fla. Mar. 31, 2010) (unpublished) (applying a twenty-five percent across-the-board reduction to block billed hours).

Here, a review of the billing records reveals multiple block-billed time entries by both attorneys:

| Date | Attorney | Task | Hours claimed |
|---|---|---|---|
| 8/25/15 | SF | Prepared for and attended unsuccessful mediation in attempt to resolve case and FLSA claims | 3.5 |
| 9/1/16 | SF | Reviewed FLSA Scheduling Order, assessed deadlines and reviewed and analyzed court interrogatories from Judge Kovachevich, started response and relevant documents needed and location of such documents | 1.7 |
| 11/16/15 | SF | Drafted motion for extension of for parties to discuss resolution; telephone call and emails with opposing counsel regarding case status and mutual need for extension; email and texts to client regarding status | 2.4 |
| 12/1/15 | SF | Received and reviewed court order on extension for Defendant to answer complaint; email to client regarding failure to communicate; | 0.8 |

12

| | | assessed options on steps for client's failure | |
|---|---|---|---|
| 12/21/15 | SF | Emails to and from opposing counsel regarding response to court interrogatories; drafted and filed motion for extension of time to respond to interrogatories based on client's request | 1.2 |
| 1/11/16 | SF | Drafted motion for extension of time to respond to interrogatories based on potential approval of settlement in related case; emails to and from opposing counsel regarding extension and status | 1.4 |
| 2/26/16 | SF | Received and reviewed response to settlement demand and email to client and client's other attorney. Worked on motion for leave to amend complaint | 1.2 |
| 4/8/16 | SF | Drafted notice to court regarding settlement; telephone call with client regarding options; emails to and from opposing counsel regarding settlement conference | 0.7 |
| 4/27/16 | SF | Emails to and from opposing counsel; assessed proposed management report; modified management report based on conference; conducted conference | 2.6 |

| | | | |
|---|---|---|---|
| | | with opposing counsel regarding case management report | |
| 6/6/16 | SF | Telephone call and emails with client regarding documents and order on motion to dismiss; reviewed and assessed order denying Motion to Dismiss | 1.4 |
| 10/18/16 | SF | Emails to and from client regarding settlement agreement and dismissal; reviewed and revised proposed settlement agreement of State court action | 2.7 |
| 10/19/16 | KF | Reviewed and analyzed changes to settlement agreement, evaluated issues related to attorney fee arguments, court jurisdiction and preservation and legal authority to support same | 2.5 |
| 10/20/16 | SF | Assessed and revised settlement agreement based on phone call with client and court's recent rulings; telephone call with client regarding status and federal case issues; received and reviewed emails and multiple documents of State court case from opposing counsel regarding revised settlement documents as it pertained to FLSA case | 5.7 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| 10/21/16 | SF | Emails to and from client regarding case status issues; telephone call with opposing counsel regarding possible mediation and reviewed case law on settlement requirements | 3.2 |
| 10/24/16 | SF | Numerous emails to and from client regarding case status, emails to and from opposing counsel regarding settlement documents and potential mediation; further revised settlement agreement proposed by defendant | 2.1 |
| 3/6/2017 | SF | Assessed best response to court order to file motion for approval compromise settlement approved by Court; drafted motion for hearing on entitlement to atty fees and costs | 2.3 |
| 4/13/17 | SF | Drafted affidavit of plaintiff for motion to approve settlement; emails to and from client regarding affidavit; worked on motion to approve settlement pursuant to court's order | 3.2 |
| 3/5/18 | KF | Reviewed and assessed case file, identified documents to provide to fee experts and emailed fee experts | 1.4 |

*See Fee Schedule*, at 2–13.

Upon consideration of those entries and relevant legal authority, the Court finds that a thirty-five percent reduction in the hours billed through those entries is necessary and appropriate. Accordingly, the Court will reduce attorney Scott Fisher's compensable hours by **12.6** and attorney Kelly Fisher's compensable hours by **1.4**.

Finally, that leaves only Plaintiff's request for costs. Federal Rule of Civil Procedure 54(d) permits recovery of those costs specifically enumerated in 28 U.S.C. § 1920. *See Arlington Cent. Sch. Bd. of Educ. v. Murphy,* 548 U.S. 291, 301 (2006).

Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6).

Here, Plaintiff requests reimbursement for, *inter alia*, postage, parking charges, and fees related to his counsels' preferred online legal research platform. *See Fee Schedule*, at 13–14. Those items are not specifically (or impliedly) delineated in Section 1920 and are therefore not recoverable.

IV. **Conclusion**

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. 94) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Attorney Scott A. Fisher's total compensable hours are reduced by 32.2 hours, for a total of 94.5 hours;

2. Attorney Kelly M. Fisher's total compensable hours are reduced by 13.2 hours, for a total of 11 hours;

3. $450.00 per hour is a reasonable hourly rate for the services provided by attorney Scott A. Fisher;

4. $350 per hour is a reasonable hourly rate for the services provided by attorney Kelly M. Fisher;

5. Plaintiff is awarded a total of **$46,375.00** in attorneys' fees;

6. Plaintiff is entitled to an award of costs in the amount of **$674.50**;

7. Plaintiff shall file a proposed bill of costs not inconsistent with this Order within fourteen (14) days; and

8. Plaintiff shall file a proposed form of final judgment awarding attorneys' fees not inconsistent with this Order within 14 days.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 30th day of August, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record